**Jan STARKS, Plaintiff,**

v.

**Robert C. SEAMANS, Secretary of the Air Force of the United States, Defendant.**

No. 71-C-39.

United States District Court, E. D. Wisconsin.

Feb. 22, 1972.

See also, D.C., 334 F.Supp. 1255.

Milwaukee Legal Services by Seymour Pikofsky and Robert D. Repasky, Milwaukee, Wis., for plaintiff.

David J. Cannon, U. S. Atty. by Steven C. Underwood, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved for a judgment of dismissal on the grounds that the court lacks jurisdiction of the subject matter and also that the complaint fails to state a claim upon which relief can be granted. In my opinion, the motion to dismiss must be granted.

Mr. Starks is a member of the United States air force stationed in China. He was arrested at a Chinese residence in Taichung City, Taiwan; a charge was made against him stemming from the discovery of a quantity of marijuana and opium on the premises. The amended complaint in this action seeks an order enjoining the defendant from transferring the plaintiff to civilian custody of the Chinese government in Taiwan and also to compel the defendant to transport the plaintiff to the continental United States.

It is clear that Mr. Starks' alleged misconduct did not arise in the performance of his official duties. Under the status of forces agreement between the United States and the Republic of China, China retained its right to exercise criminal jurisdiction in this type of case. Upon Mr. Starks' conviction, the United States was obliged to surrender custody of him to Chinese authorities.

Pursuant to The Schooner Exchange v. McFaddon, 7 Cranch 116, 135, 3 L.Ed. 287 (1812), and Wilson v. Girard, 354 U.S. 524, 77 S.Ct. 1409, 1 L.Ed.2d 1544 (1958), the international agreement in question was a lawful agreement on the part of the executive branch of the United States. The jurisdiction of China over Mr. Starks, in accordance with that agreement, excludes this court from jurisdiction over the subject matter of this action. I also find that the complaint fails to state a claim upon which relief can be granted.

Therefore, it is ordered that the defendant's motion to dismiss this action be and hereby is granted.